IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Zita Leeson Weinshienk

Civil Action No. 09-cv-02325-ZLW-BNB

EDWARD ALLEN,

    Plaintiff,

v.

ARISTEDES ZAVARAS,
SARGENT FRACKMORE,
SARGENT BOATWRIGHT,
OFFICER S. VIGIL, and
LT. STANGER,

    Defendants.

ORDER

    The matters before the Court are Plaintiff's Motion For Summary Judgment (Doc. No. 27) and Defendants' Motion For Summary Judgment (Doc. No. 33).  These matters were referred to Magistrate Boyd N. Boland pursuant to 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72.  On February 16, 2011, the Magistrate Judge issued a Recommendation Of United States Magistrate Judge (Recommendation) (Doc. No. 53) recommending that Plaintiff's Motion For Summary Judgment be denied and that Defendants' Motion For Summary Judgment be granted.  Plaintiff filed a timely written objection to the

Recommendation on February 24, 2011. (Doc. No. 55). The Court reviews *de novo* those portions of the Recommendation to which Petitioner has specifically objected.[1]

Plaintiff, a prisoner in the custody of the Colorado Department of Corrections (CDOC), pleads three claims for relief under 42 U.S.C. § 1983: (1) a claim for retaliation in violation of the First Amendment based upon his allegation that Defendant Zavaras, the Executive Director of the CDOC, "mov[ed] the plaintiff from facility to facility so that his employees [could] invent new dangers and take privilages [sic] and rights from the plaintiff and leave him open to theft . . ." in retaliation for Plaintiff's filing of a prior lawsuit against Defendant Zavaras, (first claim for relief), (2) a claim for retaliation in violation of the First Amendment based upon Plaintiff's allegation that Defendant Zavaras raised the cost of photocopies for prisoners from 5 cents to 25 cents per page in retaliation for Plaintiff's filing of the prior lawsuit, and (3) a claim for violation of the Eighth Amendment based upon Plaintiff's allegation that Defendants Frackmore,[2] Boatwright, Vigil and Stanger, employees at the Arkansas Valley Correctional Facility in Crowley, Colorado, used excessive force against him and were deliberately indifferent to his safety (second claim for relief). The Court has construed Plaintiff's pleadings more liberally than those

---

[1] See Fed. R. Civ. P. 72(b)(3); United States v. One Parcel of Real Property, 73 F.3d 1057, 1059 (10th Cir. 1996).

[2] This Defendant's name apparently is correctly spelled Frankmore. See Doc. No. 27 at 40 of 46. However, Defendants have not moved to correct the case caption.

drafted by an attorney because he is proceeding pro se.[3]  However, the Court will not act as Plaintiff's advocate.[4]

The undisputed facts material to Plaintiff's claims were set forth in the Magistrate Judge's Recommendation and will not be repeated herein.**[5]**

## I.     Official Capacity Claims

The Magistrate Judge properly concluded that Plaintiff's claims for monetary damages against Defendants in their official capacities are barred by Eleventh Amendment immunity.[6]  Plaintiff notes in his objection that, in addition to monetary damages, the Request For Relief in his Complaint includes a request that the Court "[d]eclare that the actions of the conditions of confinement were in retaliation for filing § 1983 Complaint."[7]  However, the Eleventh Amendment bars any claim seeking a declaration that a state officer violated federal law in the past.[8]  All claims asserted against Defendants in their official capacities are barred by Eleventh Amendment immunity, and properly are dismissed.

---

[3] Hall v. Bellmon, 935 F.2d 1106, 110 (10th Cir. 1991).

[4] Yang v. Archuleta, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

[5] See Doc. No. 53 at 3-6.

[6] See Hill v. Kemp, 478 F.3d 1236, 1255-56 (10th Cir. 2007).

[7] Doc. No. 3 at 11 of 11.

[8] Johns v. Stewart, 57 F.3d 1544, 1553 (10th Cir. 1995) (quoting P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 146 (1993)).

## II.     First and Third Claims for Relief

The Magistrate Judge concluded that Defendant Zavaras is entitled to summary judgment on Plaintiff's first claim for relief based on qualified immunity since there is no evidence that Defendant Zavaras had any knowledge of Plaintiff's prior lawsuit before Plaintiff was transferred.[9]  In his objection, Plaintiff contends that "defendant Zavarse [sic] moved the plaintiff based on the investigation December 1 2008[.]  That investigation was basesed [sic] on the [sic] what the plaintiff stated in case no. 08-cv-2506."[10]  Plaintiff alleged in his Complaint that on December 1, 2008, "three C.C.A. detectives called the plaintiff out from work and asked the plaintiff to identify assalints [sic] described in claim (1)[11] and to sign a statement."[12]  Even if the Court were to consider this factually unsupported allegation on summary judgment, Plaintiff still has failed to supply any evidence that *Defendant Zavaras* himself had any knowledge of the prior lawsuit before December 8, 2008.  Defendant Zavaras cannot be liable under

---

[9]Plaintiff alleges that the retaliatory transfers commenced on December 8, 2008.  See Doc. No. 27 at 1.  This Court did not issue its Order granting service by the U.S. Marshal in the prior action until January 16, 2009, and the waiver of service was not sent to Defendant Zavaras until January 19, 2009. see Case No. 08-cv-02506-ZLW-BNB, Doc. Nos. 15, 16.

[10]Doc. No. 55 at 3.

[11]Plaintiff appears to be referring to claim 1 in Case No. 08-cv-02506-ZLW-BNB.

[12]Doc. No. 3 at 5 of 11.

§ 1983 based on principles of respondeat superior; he must have directly participated in the alleged constitutional violation.[13]  Summary judgment properly is entered in Defendant Zavaras' favor on the first claim for relief.

With respect to the third claim for relief, Plaintiff has failed to submit any evidence indicating that the increase in photocopy costs was imposed by Defendant Zavaras in retaliation for Plaintiff's filing of the prior lawsuit.  The Magistrate Judge noted that the allegations contained in the third claim for relief are wholly conclusory and do not demonstrate "suspicious timing, temporal proximity, or *any* relationship between Zavaras' Executive Directive increasing photocopying costs and the plaintiff's civil actions."[14]  In his objection, Plaintiff argues that the fact that he went into debt within two months after the cost increase was imposed shows a temporal proximity between the imposition of the cost increase and the filing of Plaintiff's prior lawsuit.  The Court disagrees.  Plaintiff has not provided any evidence indicating any connection between the increase in photocopying costs for all inmates and Plaintiff's prior lawsuit.  The third claim for relief properly is dismissed.

---

[13] See Porro v. Barnes, 624 F.3d 1322, 1327-28 (10th Cir. 2010).

[14] Doc. No. 53 at 15.

**III.     Second Claim for Relief**

   **A.     Excessive Force**

The Magistrate Judge concluded that Plaintiff has not provided any evidence showing that Defendants Frackmore, Boatwright, Vigil or Stanger[15] used force against him that was not applied in a good-faith effort to maintain or restore discipline.[16]  In his objection, Plaintiff cites to Exhibit B, page 00014, attached to his motion for summary judgment (Doc. No. 27, page 40 of 46) in support of his assertion that excessive force was used against him on June 18, 2009.  The Incident Report to which Plaintiff cites states that after Plaintiff refused to enter his assigned cell, he pulled away from Defendant Frackmore, pulling her and Defendant Boatwright toward the entry of Unit One, and that he did not comply with repeated orders to stop resisting.  Subsequently, "[a] common peroneal strike was used as a distraction technique and touch pressure applied to his clavicle notch were applied to gain control of the situation by placing [Plaintiff] face down on the floor.  [Plaintiff] was passively resistive when [the officers] attempted to remove him from the floor to escort him. [Plaintiff] stopped being resistive when [Defendant Frackmore] stated that we would escort him to medical for an anatomical exam."[17]  The evidence cited by Plaintiff indicates that the force employed

---

[15] It appears that Plaintiff actually is not asserting an excessive force claim against Defendant Stanger.

[16] See Hudson v. McMillian, 503 U.S. 1, 6-7 (1992) (Eighth Amendment cruel and unusual punishment inquiry based on allegation of excessive force "ultimately turns on whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." (Internal quotations and citations omitted).)

[17] Doc. No. 27 at 40 of 46.

against him on June 18, 2009, was employed in a good-faith effort to maintain or restore discipline after Plaintiff resisted the officers, refused to comply with orders, and dragged them toward the Unit One entry. No evidence has been submitted to the Court indicating that excessive force was used in violation of the Eighth Amendment.

### B. Failure to Protect

Prison officials have a duty under the Eighth Amendment to protect prisoners from violent acts by other prisoners.[18] However, a prison official is only liable for such acts if he or she was "deliberately indifferent" to the plaintiff's health or safety.[19] In other words, the official must know of and disregard an excessive risk to inmate health or safety; "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."[20]

Plaintiff states in his objection that he informed Defendants Frackmore, Boatwright, Vigil and Stanger that Mr. Bagby, his assigned cellmate, had a "history of violence with gang members" and that there would be violence if he was placed in a cell with Mr. Bagby. However, it is undisputed that Mr. Bagby never threatened or harmed Plaintiff in Defendants' presence. Plaintiff's expression to Defendants of his own estimation of the potential for violence if he were placed with Mr. Bagby is insufficient to establish that Defendants were deliberately indifferent to a substantial risk of serious

---

[18] Farmer v. Brennan, 511 U.S. 825, 833 (1994).

[19] Id. at 834.

[20] Id. at 837.

harm when they placed Plaintiff and Mr. Bagby together. These Defendants therefore are entitled to qualified immunity on the second claim for relief.

The Magistrate Judge's Recommendation is thorough and well-reasoned, and is adopted in all respects. Accordingly, for the reasons set forth above, it is

ORDERED that Plaintiff [sic] Objection To Recommendation By Magistrate Dated February 16, 2011 (Doc. No. 55) is overruled. It is

FURTHER ORDERED that Plaintiff's Motion For Summary Judgment (Doc. No. 27) is denied. It is

FURTHER ORDERED that Defendants' Motion For Summary Judgment (Doc. No. 33) is granted. It is

FURTHER ORDERED that this action is dismissed with prejudice, the parties to pay their own costs and attorney's fees. It is

FURTHER ORDERED that a separate Judgment shall issue pursuant to Fed. R. Civ. P. 58(a).

DATED at Denver, Colorado this 28th day of March, 2011.

BY THE COURT:

_____
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court