**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 09-cv-02325-CMA-BNB

EDWARD ALLEN,

    Plaintiff,

v.

ARISTEDES ZAVARAS,
SARGENT FRACKMORE,
SARGENT BOATWRIGHT,
OFFICER S. VIGIL, and
LT. STANGER,

    Defendants.

## ORDER DENYING IN PART AND GRANTING IN PART MOTION

This matter is before the Court on Plaintiff's "Motion for Permission to Appeal," filed on April 21, 2011. (Doc. # 61.) In this Motion, Plaintiff requests that the Court reconsider an Order issued by the now retired Judge Zita L. Weinshienk that granted Defendants' Motion for Summary Judgment.[1] (Doc. # 58.) Alternatively, Plaintiff requests that he be granted permission to appeal. For the following reasons, Plaintiff's motion is denied insofar as it requests the Court to reconsider the Order granting summary judgment. Plaintiff's motion for permission to appeal is granted.

On March 28, 2011, Judge Weinshienk granted Defendants' Motion for Summary Judgment and ordered this action dismissed with prejudice. (Doc. # 58.) Judgement

---

[1] Upon retirement of Judge Weinshienk, the case was reassigned to this Court on July 15, 2011. (Doc. # 65.)

was entered in favor of Defendants, and against Plaintiff, the next day. (Doc. # 59.) A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir.1991). A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered. *See* Fed. R. Civ. P. 59(e). The Court will consider Plaintiff's motion to reconsider pursuant to Rule 59(e) because it was filed within twenty-eight days after the Judgment was entered in this action on March 29, 2011.

The three major grounds that justify reconsideration are (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). A motion to reconsider is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. *Id.* (citing *Van Skiver*, 952 F.2d at 1243).

In the Motion to Reconsider, Plaintiff rehashes the same arguments that he made in his response to Defendants' Motion for Summary Judgment (Doc. # 42) and in his Objections to Magistrate Judge Boyd N. Boland's Recommendation. (Doc. # 55.) After reviewing Plaintiff's instant Motion and the Order granting summary judgment, the Court finds that Plaintiff has failed to demonstrate an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or prevent manifest injustice. Therefore, Plaintiff's Motion is denied insofar as it requests the Court to reconsider the Order granting summary judgment to Defendants.

Plaintiff also moves the Court for permission to appeal. Because Plaintiff filed his Motion within twenty-eight days of the judgment, it tolls the time to file a Notice of Appeal. Fed. R. App. P. 4(a)(4)(A)(iv). Thus, Plaintiff has thirty days from the date of this Order to file a Notice of Appeal.[2] Fed. R. App. P. 4(a)(1)(A).

Accordingly, it is ORDERED that the Motion for Permission to Appeal (Doc. # 61) is DENIED to the extent that it requests the Court to reconsider the Order granting Defendants' Motion for Summary Judgment.

It is FURTHER ORDERED that Plaintiff shall have thirty days from the date of this Order to file a Notice of Appeal.

DATED: August 11, 2011

BY THE COURT:

*Christine M Arguello*

_____
CHRISTINE M. ARGUELLO
United States District Judge

---

[2] To proceed *in forma pauperis*, Plaintiff must file a motion and affidavit for leave to proceed on appeal pursuant to 28 U.S.C. § 1915 and Fed. R. App. P. 24.